## THE MARYANNE.*

### (Circuit Court of Appeals, Second Circuit. December 10, 1919.)

### No. 15.

MARITIME LIENS ⚖=70—DECREE FOR COST OF REPAIRS AFFIRMED.

Decree awarding libelant a lien for amount of its claim on a quantum meruit for work done on a steamship affirmed.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in admiralty by the Ramberg Iron Works against the steamship Maryanne; Maryanne Shipping Company, claimant. Decree for libelant, and claimant appeals. Affirmed.

Bullowa & Bullowa, of New York City (H. L. Cheyney, of New York City, of counsel), for appellant.

Foley & Martin, of New York City (G. V. A. McCloskey and James A. Martin, both of New York City, of counsel), for appellee.

Before WARD, ROGERS, and MANTON, Circuit Judges.

PER CURIAM. We agree with the District Court that the work was not done on the credit of the owners of the steamer, and therefore the libelant had a lien under the act of June 23, 1910 (Comp. St. §§ 7783–7787).

The libel was on a quantum meruit for $17,175.35, but it was admitted at the trial that $6,053 of the last work done had been paid, so that only the sum of $11,122.35 was in dispute. Of this work the amount of $5,368 was done under a contract which provided "all work and material furnished to be satisfactory to your marine superintendent." The balance of the claim was for extra work to which this clause did not apply. The work called for by the contract having been completed, the libelant could sue upon a quantum meruit, and, though the clause as to satisfaction still governed, it was not made, as is often the case, a condition precedent of payment. It enabled the claimant to show just which part of the work and materials was not satisfactory to its marine superintendent, but no such dissatisfaction was proved.

The evidence convinces us that the agents for the steamer knew all about the extra work, and approved of it. When the bill was presented, the only objection they made was that their marine superintendent, Haslam, must go over it before it was paid. He was called as a wit-

ness before the commissioner, and did not express any dissatisfaction with the work and materials, but only with the charges for the extra work.

The libelant's course of business was that every night the foremen hand into the office time sheets with the names of the men, and the times they worked, and sheets of the material used. The foremen testified that they knew the facts and that their reports were correct. These were checked up in the office with the material that left the shop, and summaries of the amount of time and of the material were entered on yellow sheets which were produced. The original time and material reports had been destroyed in accordance with the usual course of business so that no fraudulent intent is to be inferred. The proof is within Mayor v. Second Avenue R. R. Co., 102 N. Y. 572, 7 N. E. 905, 55 Am. St. Rep. 829. The court below found the charges reasonable and we see no reason for differing.

The decree is affirmed.